IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION

| | | |
|---|---|---|
| BEVERLY MAYFIELD, et al, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 24-03346-CV-S-LMC |
| | ) | |
| PENSKE TRUCK LEASING CO., LP, *et al.*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

ORDER

Pending before the Court is Defendant Emir Isaev's Motion to Quash Service of Process (Doc. #25). Also pending is Plaintiffs' Motion for Leave to File Sur-Reply to Defendant Emir Isaev's Reply to Plaintiffs' Suggestions in Opposition to Defendant Emir Isaev's Motion to Quash Service of Process (Doc. #31). For the reasons discussed below, both motions are denied.

I.     BACKGROUND

This matter stems from a motor vehicle accident involving a Penske truck leased by Defendant Emir Isaev. (Doc. #1-1 at 2.) Plaintiffs filed their Petition in the Circuit Court of Pulaski County, Missouri, on November 15, 2024. (Doc. #1-1.) The Petition listed Defendant Emir Isaev's address as 700 Ryan Dr. 17, [sic] Pleasant Hill, CA 94523. (Doc. #1-1 at 1.) An Affidavit of Unsuccessful Service was filed on December 3, 2024, showing unsuccessful service at the Pleasant Hill's address. (Doc. #1-3.) A request for alias summons for Defendant Isaev was filed on December 4, 2024, listing an address in Lake Forest, California and a summons was issued shortly thereafter. (Doc. ## 25-1, 25-2.) The record does not contain an affidavit of service or unsuccessful service that was filed with Pulaski County Circuit Court. The matter was removed to this Court on December 23, 2024. (Doc. #1.) On February 12, 2025, a summons was issued as

to Defendant Isaev. Two days later, the Plaintiffs and Defendants Penske Truck Leasing Co., LP and Penske Truck Leasing Corporation filed a Proposed Scheduling Order that noted that "the parties have been working diligently to locate Mr. Isaev, including by private investigators, but have been unable to locate him." (Doc. #13 at 2.) On February 20, 2025, this Court ordered that service on Defendant Emir Isaev was due by April 7, 2025. (Doc. #14.) A return of service was filed on April 1, 2025, with an attached Affidavit of Service noting substitute service was made upon "'John Doe' (Refused name) – Co-Occupant" on March 14, 2025. (Doc. #20 at 3.) On April 9, 2025, Defendant Isaev, by way of counsel, filed an Unopposed Motion for Leave to File Answer or Otherwise Respond to Plaintiffs' Complaint out of Time. (Doc. #22.) Counsel also filed a notice of appearance on behalf of Defendant Isaev. (Doc. #21.) According to the motion, the "Summons and Complaint were served upon Defendant via substitute service on March 14, 2025[,]" and that "Defendant Isaev only recently retained undersigned counsel on April 9, 2025." (Doc. #22 at 2.) That motion was granted, extending the time to answer or otherwise respond to April 25, 2025. (Doc. #23.) Instead of answering or otherwise responding to the Petition, Defendant Isaev filed the instant motion. (Doc. #25.) Additionally, on April 25, counsel filed an amended entry of appearance stating the appearance was for " the limited purpose of validating service of process upon Defendant Isaev." (Doc. #24.)

## II. <u>LEGAL STANDARD</u>

Rule 12(b)(5) of the Federal Rules of Civil Procedure permits defendants to raise the defense of insufficient service of process in a motion prior to filing a responsive pleading. Fed. R. Civ. P. 12(b)(5). As the Eighth Circuit has explained, service of process "is more than a mere delivery of documents." *Marshall v. Warwick*, 155 F.3d 1027, 1032 (8th Cir. 1998). Proper service of process is required to trigger the obligation to answer or otherwise respond to the complaint.

Fed. R. Civ. P. 12(a)(1); Fed. R. Civ. P. 81(c)(2); *see also Norsyn, Inc. v. Desai*, 351 F.3d 825, 829 (8th Cir. 2003) (finding "that a defendant is under no duty to respond to the rules of a court unless he is brought under its jurisdiction through the proper service of process.") "If a defendant is improperly served, a federal court lacks jurisdiction over the defendant." *Printed Media Servs., Inc. v. Solna Web, Inc.*, 11 F.3d 838, 843 (8th Cir. 1993).

Upon a challenge to service of process, plaintiff has the burden of showing that process and service were sufficient. *Adkins v. Option One Mortg. Corp.*, 2009 WL 35181, at *5 (W.D. Mo. Jan. 5, 2009). That burden is not onerous; plaintiff merely needs to make a "prima facie showing the court's personal jurisdiction is properly exercised." *Id.* All that is needed for the *prima facie* showing is the filed return containing the affidavit by the process server. *LNV Corp. v. Robb*, 843 F. Supp. 2d 1002, 1003 (W.D. Mo. 2012). The burden then shifts to the party challenging service of process to show that service was improper under the rules, thereby overcoming the presumption of valid service. *Johnson v. JGOO, Inc.*, 2020 WL 8182192, at *1 (W.D. Ark. Aug. 6, 2020); *Armed Forces Bank, N.A. v. Gianulias*, 2012 WL 1077894, at *4 (W.D. Mo. Mar. 30, 2012). The evidence presented to overcome the presumption of valid service must be "strong and convincing[.]" *O'Brien v. R.J. O'Brien & Assocs., Inc.*, 998 F.2d 1394, 1398 (7th Cir. 1993) (citing *Hicklin v. Edwards*, 226 F.2d 410, 414 (8th Cir.1955)).

### III.  DISCUSSION

Defendant Isaev argues that Plaintiffs have failed to meet their burden to prove service upon the correct Defendant Isaev and the purported service upon was procedurally insufficient. (Doc. #25.)

Service is effectuated by:
(1) following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made; or
(2) doing any of the following:

3

(A) delivering a copy of the summons and of the complaint to the individual personally;
(B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or
(C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

Fed. R. Civ. P. 4(e).

The return of service in this matter indicates that Emir Isaev was served the summons and petition on March 14, 2025, by leaving the same with a co-occupant, who refused to give his name, at 3225 Grand Canal, Irvine, CA 92620. (Doc. #20 at 3.) Defendant Isaev's argument is that there is no way to verify that Defendant Isaev lives at that address. (Doc. #25 at 5-6). In support of his argument, Defendant Isaev points to a declaration of Peter Dotson, a private investigator located in Illinois. (Doc. #25-3.) Declarant Dotson states that he made contact over the phone with someone associated with the Grand Canal address who claimed he was not the driver of the vehicle involved in the matter at the heart of the lawsuit and had no knowledge of this lawsuit. (Doc. #25-3.) Additionally, Declarant Dotson stated that after his investigation, he was unable to confirm that the Grand Canal address is associated with Defendant Isaev. (Doc. #25-3.) The declaration, while signed, is not notarized and does not contain any of the language required by 28 U.S.C. § 1746 and as such cannot be considered. *Cf. Zubrod v. Hoch*, 907 F.3d 568, 574 (8th Cir. 2018) (finding that 28 U.S.C. § 1746 prohibits "a court's consideration of an unsworn statement or declaration when deciding a motion for summary judgment unless it is signed, dated, and certified as true and correct under penalty of perjury.")

Nevertheless, even if the Court were to permit such evidence, the Court finds it insufficient to rebut the presumption of proper service. First, Declarant Dotson's investigation to verify the address was limited to a phone call with a resident at the Grand Canal address. The phone call does not directly refute that Defendant Isaev does not reside at the Grand Canal address. There is

4

Case 6:24-cv-03346-LMC    Document 33    Filed 07/09/25    Page 4 of 7

no indication as to who Declarant Dotson talked to and therefore it could have been a co-occupant at the address. Furthermore, while Declarant Dotson states he has investigated all addresses associated with Defendant Isaev, he merely states he cannot confirm that Defendant Isaev is the person residing at the Grand Canal address. These statements are not enough to overcome the presumption of valid service.

Furthermore, the Plaintiffs in response to the Motion to Quash Service of Process, submitted notarized affidavits of the individuals who were retained by Plaintiffs' counsel to find and serve Defendant Isaev. (Doc. ## 28-3 and 28-4.) Affiant Michael Kern testified that he conducted several skip trace searches and all "leads generated through these searches consistently identified 3225 Grand Canal, Irvine, CA 92620 as Mr. Isaev's dwelling and usual place of abode." (Doc. #28-3 at 1.) Additionally, Affiant Kern conducted a business search of the California Secretary of State's website which showed an address for Emir Isaev of 3225 Grand Canal, Irvine, CA 92620. (Doc. ## 28-1 and 28-3 at 1.) Affiant Kern then coordinated with Affiant James Voelkl to investigate other possible addresses, all of which were ruled out. (Doc. #28-3 at 2.) Affiant Kern stated that "[b]ased on the results of my investigation at the time, and my continued review of the available evidence, it is my professional belief that the Irvine address is, and was at the time of service, Mr. Isaev's dwelling and usual place of abode." (Doc. #28-3 at 2.) Affiant Voelkl testified that "[b]ased on my prior visits to this and other addresses, along with my personal observations and investigative efforts, I believe that Emir Isaev resides at the Irvine address." (Doc. #28-4 at 1.) He also testified that "the individual who accepted the documents appeared to be of suitable age and discretion and had previously confirmed that he lived at the residence. It was my opinion then, and remains my opinion now, that this individual resides at the Irvine address

with Mr. Isaev." (Doc. #28-4 at 1-2.) The Court finds that the affidavits bolster the case for finding valid service.

The gravamen of Defendant Isaev's argument is that there is no evidence that Plaintiffs served the correct Emir Isaev. Such an argument implies that an Emir Isaev was served, just not the correct Emir Isaev. Defendant Isaev, however, provides no direct evidence of such. One would presume that had the wrong Emir Isaev been served, that individual would attest to such, yet this Court has not been provided with such evidence. *See generally Gong v. Sarnoff*, 2023 WL 8096970, at *2 (S.D.N.Y. Nov. 21, 2023) (noting that an individual who shared the same name as the defendant was incorrectly served and promptly notified Plaintiff's counsel of the error and continued to indicate as such for several months.) Nor has Defendant Isaev submitted an affidavit or sworn declaration from the co-occupant at the Grand Canal address. Surely such evidence would be considered strong and convincing evidence sufficient to overcome the presumption of valid service. Defendant Isaev simply has not provided the kind of evidence that would overcome the presumption of valid service.

Defendant Isaev's argument that Plaintiffs have failed to establish the Grand Canal address as Defendant Isaev's dwelling or usual place of abode is without merit for the reasons stated above. The court's review of the affidavits presented by Plaintiffs' counsel satisfies this Court that Defendant Isaev lived at the Grand Canal address and no strong and convincing evidence has been submitted that would indicate otherwise.

Defendant Isaev also argues that there is no evidence that the co-occupant listed in the return actually resides at the residence. (Doc. #25 at 7.) As noted above, however, the process server testified that the "co-occupant" previously confirmed that he lived at the residence. (Doc.

6

#28-4 at 1.) Defendant Isaev has not provided strong and convincing evidence that the co-occupant does not reside at the residence. Therefore, the Court rejects this argument.

As to any deficiencies associated with California state law, those arguments are without merit. Defendant Isaev was served after removal and therefore federal law applies. *Cf. Norsyn, Inc.*, 351 F.3d at 829 (finding that "[s]ince this event occurred prior to removal, we must determine whether it constituted sufficient service in accordance with the law of the jurisdiction in which the action was filed."). The Court further finds that service of process complied with Rule 4(e)(2)(B).

Finally, Plaintiff argues that "Defendant has effectively waived any objection [to service] by engaging in conduct inconsistent with preserving that defense." (Doc. #28 at 7.) Because this Court finds valid service of process, the Court need not determine whether Defendant has waived service by his or his counsel's conduct. Thus, because, the Plaintiff's sur-reply deals largely with the issue of waiver and Defense counsel's conduct, the Court finds a sur-reply unnecessary, and the motion will be denied.

## IV. CONCLUSION

For the foregoing reasons, it is

ORDERED that Plaintiffs' Motion for Leave to File Sur-Reply to Defendant Emir Isaev's Reply to Plaintiffs' Suggestions in Opposition to Defendant Emir Isaev's Motion to Quash Service of Process (Doc. #31) is DENIED. It is further

ORDERED that Defendant Emir Isaev's Motion to Quash Service of Process (Doc. #25) is DENIED.

*/s/ Lajuana M. Counts*
LAJUANA M. COUNTS
UNITED STATES MAGISTRATE JUDGE